# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**OROCOVIS PETROLEUM CORP. and JOSÉ F. COLÓN,**

    Plaintiffs,

    v.

**PUERTO RICO PORTS AUTHORITY, et al.,**

    Defendants.

Civil No. 08-2359 (GAG/BJM)

## ORDER

On August 26, 2010, this court issued an Opinion and Order dismissing all claims against Defendant Puerto Rico Ports Authority ("PRPA") on the basis of Eleventh Amendment immunity, and dismissing all claims against Defendant Fred Sosa, but retaining Plaintiff's claims for alleged violations of procedural due process and Puerto Rico tort law (Docket No. 101). On September 7, Plaintiffs moved for reconsideration of the Opinion and Order. (See Docket No. 102.) Finding that Plaintiffs failed to demonstrate any manifest error of law, the court summarily denied the motion on September 10. (See Docket No. 103.) The court now amends its recent order under Federal Rule of Civil Procedure 59(e) to better explain its reasoning, without altering the disposition stated in its Opinion and Order.

Although neither party cited the case on point, the court finds that Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico governs the question of sovereign immunity for PRPA. See 322 F.3d 56 (1st Cir. 2003). Before Fresenius, the First Circuit employed a multi-factor test to determine the applicability of Eleventh Amendment immunity to public corporations like PRPA as an "arm of the state." See Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939-40 (1st Cir. 1993). Under that test, PRPA's sovereign immunity varied from case to case, depending on the entity's function at issue in the case. See id. at 941 n.6 (citing P.R. Ports Auth.

**Civil No. 08-2359 (GAG)**                                         2

v. M/V Manhattan Prince, 897 F.2d 1, 12 (1st Cir. 1990); Royal Caribbean Corp. v. P.R. Ports Auth., 973 F.2d 8 (1st Cir. 1992)). Where the case involved a traditionally governmental rather than proprietary function, the test weighed in favor of immunity. See id.

In Fresenius, the First Circuit updated the test in light of decisions by the U.S. Supreme Court. See 322 F.3d at 68 (citing, inter alia, Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994)). The court held that the Eleventh Amendment protected both "the state's dignitary interest" in conferring its immunity on certain entities and the state's interest in shielding its purse. Id. at 65. Under this revised model, a federal court first applies a multi-factor test to examine whether "the state has clearly structured the entity to share its sovereignty." Id. at 68. Relevant factors may include the enabling statute establishing the entity; other statutes that relate to the entity; state court decisions defining the character of the entity; the entity's functions; and the state's control over the entity's governance and operations. See id. at 68-72. If this first prong does not conclusively demonstrate that the entity is an arm of the state, the court then inquires whether the state treasury would pay for the entity's liabilities. Id. at 72.

Although the First Circuit has not revisited the question of PRPA's immunity since it pronounced its reformulated test, the District of Columbia Circuit recently held that PRPA benefits from Eleventh Amendment immunity. See P.R. Ports Auth. v. Fed. Maritime Comm'n, 531 F.3d 868 (D.C. Cir. 2008). Citing Fresenius, the sister circuit examined the legislative intent of PRPA's enabling statutes; the Commonwealth's direct control over PRPA through the composition of its governing board; and the vulnerability of the Commonwealth fisc to liabilities arising from PRPA's operations. See id. at 874-80 (finding, inter alia, that legislation characterizes PRPA as a governmental instrumentality; PRPA performs governmental functions by regulating harbor pilotage and operating air and marine transportation facilities for the general welfare; the governor may remove most of PRPA's governing board at will; and Commonwelath is directly liable for torts committed by PRPA's employees at marine terminals). The D.C. Circuit held that all three factors favor PRPA's entitlement to sovereign immunity and noted that its conclusion was consistent with the reasoning in Fresenius. Id. at 880 & n.10.

**Civil No. 08-2359 (GAG)**                3

This court finds that the D.C. Circuit's detailed analysis is readily applicable to the instant case. Although that court found that the multi-factor test favored immunity, which ends the inquiry under First Circuit precedent, the D.C. Circuit went a step further and found that the second prong also militates in favor of immunity, see id. at 878-80. This court previously held that PRPA has sovereign immunity under the multi-factor test. (See Docket No. 101.) However, in view of more recent cases referenced above, the court now amends its Opinion and Order (id.) to account for these decisions. The court finds the D.C. Circuit's comprehensive discussion to be consistent with First Circuit precedent on the issue of PRPA's Eleventh Amendment immunity and adopts the sister circuit's reasoning and conclusion. See Fed. Maritime Comm'n, 531 F.3d at 874-81.

For the foregoing reasons, the court hereby **AMENDS** its Opinion and Order dated August 26, 2010 (Docket No. 101), to account for the aforementioned decisional law.

**SO ORDERED.**

In San Juan, Puerto Rico this 5th day of October, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge